MOKREJS, Respondent, v. MOKREJS, Appellant.

(226 N. W. 264.)

(File No. 6502. Opinion filed June 27, 1929.)

*John E. Tipton,* of Lake Andes, and *Jay A. Larkin,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

MISER, C. Respondent sued appellant for the separate maintenance of herself and their minor child, alleging acts of extreme cruelty. The trial court granted respondent the relief sought, and denied to appellant the divorce asked in his counterclaim. In the trial court's fourth finding of fact there was listed a large number of acts of extreme cruelty which the court found had been committed by appellant against respondent. Appellant questions the sufficiency of the evidence to support certain of the specific findings therein made. Without doubt, the enumeration of the long list of appellant's misdeeds, unrelieved by mention of his worthier acts, created a darker picture of appellant's marital conduct than is fairly disclosed by the review of the record in its entirety. Moreover, certain of the specific acts so enumerated are not supported by the evidence. Indeed, the similarity between the allegations in the fourth paragraph of respondent's complaint and the enumeration of appellant's misdeeds in the fourth finding of fact is too marked to indicate a just appraisal of all the evidence received in this long and hotly contested divorce trial. It is only too evident that the finding, though signed by the learned trial judge, had its origin in the pleadings rather than in evidence, which may fairly be said to have proved both more and less than the specific acts alleged. Fanning v. Murphy, 126 Wis. 538, 105 N. W. 1056, 4 L. R. A. (N. S.) 666, 110 Am. St. Rep. 946, 5 Ann. Cas. 435. However, the general finding that appellant had inflicted grievous mental suffering on respondent and the finding of the majority of the acts so particularized in the fourth finding are abundantly supported by the evidence.

In Steensland v. Steensland, 43 S. D. 416, 179 N. W. 495, this court said: "Appellant questions the sufficiency of the evidence to support certain of the findings. Here again we need only say that the facts that are clearly established are such as to fully warrant the court in giving to respondent the custody of the children, and

in awarding her separate maintenance; it is therefore of no importance if, as appellant claims, the court went a little too far in findnigs as to other facts."

While findings of trial courts, and particularly those affecting the reputations of litigants, should not be carelessly drafted, the inclusion of certain unsupported findings of specific acts of cruelty is not sufficient cause for reversing a judgment for separate maintenance which is otherwise sufficiently supported by findings of fact based upon the evidence. Steensland v. Steensland, supra.

Appellant also assigns as error the finding of the trial court that plaintiff did not willfully and without any just cause desert the defendant. There was ample evidence, if believed by the trial court, that, when respondent left the home of appellant, she had just cause for so doing. The parties to this litigation, their child, school girls who lived in their home during an entire school year, and a large number of other witnesses, testified as to the home life of these litigants. The opportunities of the learned trial judge for evaluating the testimony of the witnesses who appeared before him and testified are superior to the opportunities of this court for so doing. The case was tried in February, 1926. The decision and judgment were signed the following April. It appears from the order denying motion for new trial made in April, 1927, that the case was argued and the record carefully examined and considered. No sufficient reason appears for disturbing this finding on appeal.

Other errors have been assigned, but no abuse of discretion nor prejudicial error appears from their examination. The judgment and order appealed from must be, and are, affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.